UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-22766-JB

LUIS MEDELLIN HERNANDEZ,

      Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security, *et al.*,

      Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Luis Medellin Hernandez's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response Opposing the Petition. ECF Nos. [7]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

I.    **BACKGROUND**

Petitioner is a Mexican citizen who first entered the United States in June 2001.[1] ECF Nos. [1] at ¶¶ 1–2; [8-2] at 3. Approximately twenty years later, on October 18, 2025, Petitioner filed Form I-589, Application for Asylum and Withholding of Removal with the United States Citizenship and Immigration Services ("USCIS"), which remains pending. ECF Nos. [1] ¶ 73, [8-2] at 3.

---

[1] Petitioner's prior criminal history was not addressed by Respondents in its analysis and is not relevant to the Court's analysis here.

On March 30, 2026, Petitioner was taken into custody by the United States Immigration and Customs Enforcement ("ICE") at his I-589 interview.  ECF Nos. [1] ¶ 74, [7] at 2.  Once in custody, ICE served Petitioner with a Warrant for Arrest of Alien. ECF No. [8-3].  On the same day, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), classifying Petitioner as "an alien present in the United States who has not been admitted or paroled."  ECF No. [8-1] at 1.  The NTA charges Petitioner under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States without being admitted or paroled" and under section 212(a)(7)(A)(i)(I) of the INA as "an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document[.]"  *Id.* at 4.

DHS initiated removal proceedings against Petitioner, which remain pending. ECF No. [8-5] at 1.  Petitioner is currently being held at the Krome Processing Center ("Krome") in Miami, Florida.  ECF No. [8-4].  Petitioner is scheduled for hearing before an Executive Office for Immigration Review ("EOIR") immigration judge ("IJ") on May 11, 2026.  ECF No. [8-5].

On April 21, 2026, Petitioner filed the instant Petition.  ECF No. [1].  Petitioner raises three claims.  *Id.*  Count I alleges that Petitioner's continued detention without an individualized bond hearing violates the INA because the mandatory detention provision a 8 U.S.C. § 1225(b)(2) was improperly applied to him, as he "is not an arriving alien" and "was arrested well within the interior of the United States, far from any border or port of entry, and years after his unlawful entry."  *Id.* ¶¶ 85–87.  Counts II and III allege

that Petitioner's continued detention without an individualized bond hearing violates substantive and procedural due process. *Id.* ¶¶ 92–102. Petitioner requests that the Court declare that (1) he "is not subject to detention under 8 U.S.C. § 1225(b), and that he is lawfully detainable, if at all, only under 8 U.S.C. § 1226(a)" and (2) his continued detention without an individualized bond hearing violates the INA and procedural and substantive due process. *Id.* ¶¶ 105–06. Petitioner further requests that the Court "order[] Respondents to release Petitioner immediately, or, in the alternative, order Respondents to release Petitioner if he is not provided a bond hearing within seven (7) days after the Court's order[.]" *Id.* ¶ 107.

Respondents filed its Response to the Petition. ECF No. [7]. The Response does not set forth any analysis of the legal arguments that offered only a "abbreviated" memorandum of law,[2] arguing that "Petitioner is subject to mandatory detention under § 1225(b)(2), because he was present in the United States without being admitted or paroled." *Id.* at 3. Respondents acknowledge that "several Judges in this District have reached the opposite conclusion," than Respondents. *Id.* at 5. Respondents "rel[y] upon, and incorporate[] by reference, the legal arguments it presented" in *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, No. 25-cv-24292, ECF No. [41] (S.D. Fla. Oct. 10, 2025), *Hernandez Alvarez v. Acting Warden Roger Morris, et al.*, No. 25-cv-24806, ECF No. [6], and *Cerro Perez v. Parra, et al.*, No. 25-cv-24820, ECF No. [9] (S.D. Fla. Oct. 27, 2025). *Id.* at 7. In so doing, Respondents acknowledge that the Court's decisions in *Gil-*

---

[2] Respondents' reliance on unspecified arguments they raised in three different cases before another court is not persuasive. The Court will only consider specific arguments raised before this Court.

*Paulino*, *Hernandez Alvarez*, and *Cerro Perez* "would control the result here if the Court adheres to that decision," at least until the appeals are resolved in *Hernandez Alvarez* and *Cerro Perez*, which are currently pending before the Eleventh Circuit. *Id.* at 6–7.

## II.  ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A. Legality of Petitioner's Mandatory Detention

Respondents contend that Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(b)(2), making him subject to mandatory detention and ineligible for a bond hearing. ECF No. [7] at 3–4. Petitioner asserts that his detention is governed by 8 U.S.C. § 1226(a), which allows for the release for noncitizens on bond. ECF No. [1] ¶ 90. The Court examines each of these statutes in turn.

#### i.      8 U.S.C. § 1225

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq.* Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent

4

with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[3]  To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)."  *Id.* at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation."  *Id.*  Such noncitizens are generally subject to expedited removal "without further hearing or review."  8 U.S.C. § 1225(b)(1).  However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer.  *Id.* § 1225(b)(1)(A)(ii).  If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum."  *Id.* Respondents do not argue that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(1).

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287.  Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country.  8 U.S.C. § 1225(b)(2)(A).  Importantly, detention under § 1225(b)(2) is mandatory.  *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

---

[3] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes.  Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

### ii.      8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added).  Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release.  *See* 8 U.S.C. § 1226(a).  The statute thus "establishes a discretionary detention framework."  *Gomes*, 2025 WL 1869299, at *2.  Importantly for purposes of this action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention."  *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii.      Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

Whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction.  *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,*

2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

From the outset of Petitioner's case, DHS proceeded under section 1226. Specifically, the NTA that DHS issued to Petitioner did not classify him as an "arriving alien." ECF No. [8-1] at 1. Instead, the NTA classified and charged him as an alien present in the United States who has not been admitted or paroled. *Id*. at 1, 4. This classification places him squarely within section 1226. *See e.g.*, *Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025). As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in

section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera*, v. *Tindall*, No. 3:25-cv-541, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (citation omitted). The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2). Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive interpretation of section 1225. *See, e.g.*, *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v. Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

The Court recognizes that this issue is currently before the Eleventh Circuit Court of Appeals in *Hernandez-Alvarez v. Warden, Federal Detention Ctr. Miami, et al.* and *Cerro Perez v. Assistant Field Office Director, et al.*, and that the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi, et al.* and the Eighth Circuit Court of Appeals in *Avila v. Bondi*, recently issued decisions in Respondents' favor. *See Buenrostro-Mendez*, 166 F.4th 494 (5th Cir. 2026); *Avila*, 170 F.4th 1128 (8th Cir. 2026). In any event, neither

8

decision is controlling on this Court, and the Eleventh Circuit has not ruled on the matter. As such, there is no binding authority that contravenes the previous decisions of this Court. Indeed, most case law has consistently held that detainees such as Petitioner are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

Accordingly, Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ. As such, Petitioner's mandatory detention under section 1225(b) without conducting a dangerousness and risk of flight determination is unlawful.

### III.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Petitioner Luis Medellin Hernandez's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall promptly afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.    Respondents shall, within 24 hours of the bond hearing, file a Status Report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

3.    Count I of the Petition is **GRANTED** and the remaining Counts are **DISMISSED WITHOUT PREJUDICE**.

4.    The Clerk is directed to **CLOSE** this case.

5.      Any pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Miami, Florida, this 5th day of May, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**